PEOPLE, *ex rel.* RILEY, *v.* CRANKSHAW.

Schools and School Districts—Township Unit System—Elections—Electors in Fractional Districts Entitled to Vote.

In an election to determine whether a township school district shall be organized into a single school district under Act No. 117, Pub. Acts 1909, as amended by Act No. 143, Pub. Acts 1911 (2 Comp. Laws 1915, § 5909 *et seq.*), those resident school electors of said township in fractional school districts whose schoolhouse is outside of the boundaries of the township are entitled to vote. Fellows and Sharpe, JJ., dissenting.

Error to Lapeer; Williams (William B.), J. Submitted January 21, 1921. (Docket No. 52.) Decided April 8, 1921.

*Quo warranto* by the people of the State of Michigan, by Albert H. Perkins, prosecuting attorney, on the relation of Charles S. Riley and others, against Duane W. Crankshaw and others to try the title to the

office of trustees of the school board for the township of Hadley. Judgment of ouster. Defendants bring error. Affirmed.

*William E. Brown* and *Monaghan, Crowley, Reilly & Kellogg,* for appellants.

*B. F. Reed* and *Theo. D. Halpin,* for appellees.

BIRD, J.  The prosecuting attorney of Lapeer county filed an information in the nature of a *quo warranto,* questioning the validity of defendants' election as trustees of the school board for the township of Hadley, in Lapeer county.  The interveners question the validity of their election on the ground that the township school district was not legally organized. The matters were tried out and the trial court held the organization of the township school district was illegal and a judgment of ouster followed.

In the latter days of May, 1920, a petition was presented to the township board of Hadley township by certain school electors praying for an election to determine whether the school electors of the township desired a township school district.  The petition was acted upon favorably and an election was called and held on June 28, 1920.  The votes cast in favor of the proposition were 202.  Those against 175.  It is claimed by the interveners that the election was not legally called and that the election itself was illegal because certain resident school electors of the township of Hadley were prevented from voting.

The trial court took the view that the election called for the purpose of determining whether the unit system should prevail was illegal because no notice of the election was posted as the statute requires in the fractional school districts whose schoolhouses were situate outside of the boundaries of the township, and because school electors residing in such fractional dis-

tricts were excluded from voting. These questions
depend upon a construction of the statute which was
passed for the organization of township school
districts. The attorneys for the trustees insist it was
not contemplated by the statute that school electors
residing in fractional districts whose schoolhouses are
located outside of the boundaries of the township
should have the right to vote. This is based upon the
following proviso of the law:

"*Provided,* That if in such township, or as a part of
such township, there are fractional school districts
already organized, the schoolhouse of which is within
the boundaries of the township, such fractional
districts shall be considered a part of the township
for school purposes, and qualified school electors resid-
ing anywhere in such fractional school district shall
be qualified to sign the petition for or vote upon the
question of the organization of the township district."
2 Comp. Laws 1915, § 5909.

It is argued from this proviso that in fractional
districts where the schoolhouse is outside of the
boundaries, school electors in the township of Hadley
were not entitled to vote; that those electors will have
an opportunity of voting when the township in which
the other part of the district is situate votes on the
same question. The point is made that if this is not
the proper construction of the statute then those
electors residing in the township of Hadley in a frac-
tional district where the schoolhouse is outside of the
boundaries will get two votes. They will have a right
to vote in the township of Hadley and then again in
the township in which the other part of the district is
situate when it votes upon the same question. It is
answered by the attorneys for the interveners that
these electors would not get two votes on the same
question, that they are voting upon different questions.
It is argued by the interveners that if you hold the
school electors in such districts to be excluded from

voting they may be forced into a township school system without having any voice as to whether or no they will go, and they cite the following proviso:

"*Provided further,* That in any case where a fractional district has been organized heretofore, such territory may be divided so that the township school district boundary lines shall conform to the township boundary lines, such division being made in their discretion by the township boards of the township in which the territory may be located, said boards meeting in joint session for such purpose." 2 Comp. Laws 1915, § 5910.

It is said that by virtue of this proviso after the election is passed and carried the township boards of the townships in which the fractional district is situate may get together and place the voters of the district living in Hadley township within the township school system and the voters have nothing to say about it. Opposing counsel say the legislature has the right to consolidate school districts without asking the voter and that it is not an inherent right of the voter to have a voice in the formation of the district.

The statute for the creation of township school districts is Act No. 117, Pub. Acts 1909. A slight amendment was added by Act No. 143, Pub. Acts 1911. The enacting clause provides in part that:

"Whenever a majority of the qualified school electors in any organized township votes in favor of organizing such township into a single school district, such township shall, after the second Monday in July thereafter, be a single school district and shall be governed by the provisions of this act. * * * The question of changing any organized township into a single school district to be governed by the provisions of this act, shall not be submitted to the qualified school electors of said township until a petition therefor, signed by one-fourth of the qualified school electors of said township, requesting the submission of such proposition, shall be filed in the office of the

township clerk." Act No. 143, Pub. Acts 1911, § 1 (2 Comp. Laws 1915, § 5909).

There is no express provision in the act prohibiting the school electors residing in fractional districts in which the schoolhouse is outside of the boundaries of the township from voting. That idea is born of inference from the affirmative language of the proviso making the school electors in fractional districts where the schoolhouse is situated within the township participants in the election.

The trial court was of the opinion that the proviso was inserted for the purpose of enlarging the class that could vote and not for the purpose of limiting the class that the enacting clause declares may vote. It is not at all clear just what the legislature meant by these provisions, but I am impressed that the trial court's solution of the admixture is as reasonable a solution as can be suggested.

The enacting clause provides:

"*Whenever a majority of the qualified school electors* in any organized township votes in favor," etc., and

"The question of changing any organized township into a single school district to be governed by the provisions of this act shall not be submitted to the qualified school electors of said township until a petition therefor, *signed by one-fourth of the qualified school electors of said township,* requesting the submission of such proposition, shall be filed in the office of the township clerk."

It will be noticed that throughout the entire act it speaks of the *school electors of the township* and in no place does it restrict the right of any class residing within the township to vote. The idea back of the act is to change from the smaller to the larger unit—to the township unit. In view of this, Can the courts inject a prohibition into the act which would deny to a large class of voters residing in the township the

right to vote at such an election? Counsel argue that the legislature has the right to change the boundaries of a district without the consent of those affected. This is quite likely true, but here is an act, the whole purpose of which is to give the voter—the person who will be affected—a voice in the proceedings. It would not only be at variance with the terms of the act but with the spirit of it to deny them that right. It is quite true, as counsel say, that one may, under the construction contended for by defendants, become a member of a district without having any voice in the matter. It is quite evident that the legislature never intended any such result. Such a result is possible only because the law was very carelessly prepared. The question of construction is a very difficult one. Both constructions are open to criticism, but this does not authorize the court to legislate or to disfranchise voters in the township where there is nothing in the act to justify it. To give the act the construction contended for by defendants would compel us to read into the act an amendment disfranchising a certain per cent. of the voters of nearly every township in the State. This we have no right to do whether the law is workable or not. For these reasons I am in favor of affirming the judgment of the trial court. It being a public question no costs will be allowed either party.

STEERE, C. J., and STONE and CLARK, JJ., concurred with BIRD, J. MOORE and BROOKE, JJ., did not sit.

SHARPE, J. (*dissenting*). I cannot agree with Mr. Justice BIRD in his construction of this statute. In my opinion, it gives only the qualified school electors of the township who will be affected by the change the right to petition therefor and vote thereon.

All fractional districts of which any part of the township may form a part, if the schoolhouse of the district be situate in the township, are considered as

a part of the township for school purposes, and the qualified voters of such district, though residing outside the limits of the township, are qualified school electors of the township. The property of such voters will, if the change into a single district be made, be brought into it and be subject to any taxes levied therein. In other words, the location of the schoolhouse in a fractional district determines whether or not the voters in such district are qualified school electors of the township and entitled to vote on the question presented. Voters who live in the township, but on lands included in a fractional district, the schoolhouse of which is in another township, are in no way affected by the proposed change.

The purpose sought to be accomplished by the election held was to bring all the territory which under the law forms a part of the township for school purposes into a single school district. Such territory includes that lying in an adjoining township belonging to a fractional district in which the schoolhouse is located within the township, and excludes the territory of the township belonging to a fractional district in which the schoolhouse is located without the township. I think that, under a fair interpretation of the language of the statute taken as a whole, only those who would be affected by such change were entitled to vote at such election. As it does not appear that any voter was deprived of his right to vote by the claimed irregularity in calling the election, in my opinion the action taken should be sustained and the information dismissed without costs.

FELLOWS, J., concurred with SHARPE, J.